HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES L. MALONE,

               Plaintiff,

    v.

GENE L. HUGUENIN, an individual;
WASHINGTON STATE PATROL, a
state agency,

             Defendants.

CASE NO. 3:11-cv-05643-RBL

ORDER ON MOTIONS FOR
SUMMARY JUDGMENT

[Dkts. #10, #12, and #14]

THIS MATTER is before the Court on Defendants' Motions for Summary Judgment [Dkts. #10 and #14] and Plaintiff's Motion for Summary Judgment [Dkt. #12].

Defendants argue that Plaintiff's civil rights claims should be dismissed because the Washington State Patrol and Trooper Gene Huguenin, in his official capacity, have sovereign immunity from 42 U.S.C. § 1983 claims, Huguenin did not violate Plaintiff's rights under the Fourth or Fourteenth Amendments, and he is protected by qualified immunity in any event. Defendants further move to dismiss Plaintiff's state law claims.

Having reviewed the motions and evidence submitted, Defendants' Motions for Summary Judgment [Dkts. #10 and #14] are GRANTED.  Plaintiff's Motion for Summary Judgment [Dkt. #12] is DENIED as moot.

# I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Charles Malone, a member of the Washington State Bar filing this claim pro se, bases his allegations on a 30-60 second traffic stop that occurred on March 19, 2011.  Trooper Huguenin was stopped in a left turn lane at a traffic signal, and Malone was two lanes to his right.  (Complaint, Dkt. #1 at 3.)  While at the light, Huguenin moved to the lane behind Malone.  (*Id.*)  Malone alleges that Huguenin changed lanes because he saw Malone, an African-American male, drive by.  (*Id.*)  Huguenin says he initially thought Malone's tabs were expired.  (*Id.*)

Huguenin's emergency lights came on, and Malone pulled over.  (*Id.*)  The parties agree that Huguenin got out of his car, told Malone that he accidentally hit his emergency lights, and said Malone was free to go.  (*Id.*; Huguenin Decl., Dkt. #11 at 2.)  Huguenin then returned to his patrol vehicle.  (*Id.*)  He never asked Malone for identification, proof of insurance, or vehicle registration.  (Huguenin Decl., Dkt. #11 at 3.)  Huguenin states that his radio cord accidentally flipped the toggle switch on, activating his lights.  (*Id.*)  He says he did not know Malone's race until he approached the vehicle to apologize for the inadvertent stop.  (*Id.*)

Malone claims Huguenin stared into his backseat during the brief interaction as if Huguenin were "surveying the contents." (Complaint, Dkt. #1 at 3.)  Malone admits that his vehicle is often a "tremendous mess of papers and empty soda bottles." (*Id.*)  Trooper Huguenin agrees that he scanned the vehicle, but says it was for purposes of ensuring officer and public safety.  (Huguenin Decl., Dkt. #11 at 2.)

Based on these facts, Malone brings federal law claims against the Washington State Patrol (WSP) and Trooper Huguenin under 42 U.S.C. § 1983 and state law claims of false imprisonment and vicarious liability.  Defendants filed two Motions for Summary Judgment. Malone filed his own Motion for Summary Judgment, but never responded to either of Defendants' Motions.

## II.    ANALYSIS

### A.  Summary Judgment Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).  Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

### B.  Malone's Federal Claims Against WSP and Trooper Huguenin in His Official Capacity Are Barred by Sovereign Immunity

The Eleventh Amendment bars suits brought under 42 U.S.C. § 1983 against a state for alleged deprivations of civil liberties. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66 (1989).  A suit against a state official in his official capacity is not against the individual but against the official's office, and so is no different from a suit against the state itself. *Id*. at 71. *See also Romano v. Bible,* 169 F.3d 1182, 1185 (9th Cir.1999) (Eleventh Amendment bars claims against defendants in official capacity as actions that are against the state itself).

1    The two "well established" exceptions to Eleventh Amendment sovereign immunity are

2   legislative abrogation of immunity by express congressional intent under its Fourteenth

3   Amendment powers, or waiver of immunity by a state itself.  *Pennhurst State Sch. v. Halderman,*

4   465 U.S. 89, 99 (1984); *Micomonaco v. State,* 45 F.3d 316, 319 (9th Cir.1995).  42 U.S.C. §

5   1983 has been explicitly determined not to override sovereign immunity, since the statute does

6   not by clear language express an intent to do so.  *Quern v. Jordan,* 440 U.S. 332, 342 (1979).

7   Neither Huguenin in his official capacity nor the WSP has waived its immunity to suit.  Because

8   Malone's 42 U.S.C. § 1983 claims against the WSP and Huguenin in his official capacity are

9   barred by the Eleventh Amendment and neither exception applies, this Court may not exercise

10  federal jurisdiction over them.  Thus, Defendants' Motions for Summary Judgment for federal

11  claims against the WSP and Huguenin in his official capacity are GRANTED.

12         **C.  Claims Against Huguenin in His Individual Capacity Are Also Dismissed**

13    The Eleventh Amendment does not bar federal or pendent state law claims against a state

14  official acting personally.  *Ashker v. California Dept. of Corr.,* 112 F.3d 392, 394 (9th Cir.1997).

15  Since Huguenin was acting under the color of state law during the incident in question, Malone

16  may bring a § 1983 claim against him in his individual capacity.  *Romano,* 169 F.3d at 1185-86.

17         1.  Defendant Huguenin has Qualified Immunity for Federal Claims

18    The Supreme Court has endorsed a two-part test to resolve claims of qualified immunity:

19  a court must decide (1) whether the facts that a plaintiff has alleged "make out a violation of a

20  constitutional right," and (2) whether the "right at issue was 'clearly established' at the time of

21  defendant's alleged misconduct."  *Pearson v. Callahan*, 553 U.S. 223, 232 (2009).[1]  Qualified

22  immunity protects officers not just from liability, but from suit: "it is effectively lost if a case is

23

24  ───────────────────────
      [1] In *Pearson*, the Supreme Court reversed its previous mandate from *Saucier* requiring district courts to
    decide each question in order.

1    erroneously permitted to go to trial," and thus, the claim should be resolved "at the earliest

2    possible stage in litigation." *Anderson v. Creighton*, 483 U.S. 635, 640 n.2 (1987).  This Court

3    can decide the case on the first step alone.   Even when viewing the facts in the light most

4    favorable to Malone, the facts alleged do not make out violations of his Fourth or Fourteenth

5    Amendment rights.

6              a.   *Equal Protection Claim*

7              Malone claims he was intentionally discriminated against because of his race.  But

8    Malone offers no evidence that Huguenin acted with discriminatory intent when he crossed the

9    lane of traffic and stopped Malone—a required element of an Equal Protection Claim.  *Reese v.*

10   *Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000).   Nor does he present any depositions,

11   interrogatories, admissions, or any other evidence of discriminatory intent.  Malone's only

12   reference to racial motivation is conclusory at best.  He states: "Plaintiff wouldn't be so

13   suspicious except [at the stoplight] Defendant Huguenin was set to turn left [but saw] Plaintiff,

14   an African American driver and decided to cross a lane of traffic to get behind Plaintiff and stop

15   Plaintiff."  (Complaint, Dkt. #1 at 3.)  Simply concluding that Huguenin changed lanes and

16   decided to pull Malone over because he saw Malone was an African-American male is not

17   enough to establish discriminatory intent.

18             Nothing suggests that Huguenin had any history of racial discrimination or that he acted

19   with discriminatory intent during the encounter.  In fact, the only evidence before the Court

20   about Huguenin's history is WSP's internal investigation, which cleared Huguenin of any

21   wrongdoing, and Huguenin's impressive fourteen-year service record, which includes no prior

22   citizen complaints and multiple Trooper of the Year Awards.  (Huguenin Decl., Dkt. #11 at 2.)

23   Because Malone has not alleged facts to prove his constitutional right to equal protection was

24   violated, Huguenin is entitled to qualified immunity, and the claim is DISMISSED.

1           *b.   Unreasonable Seizure Claim*

2           Malone also claims Huguenin unreasonably seized him.  A Fourth Amendment seizure

3    "requires an intentional acquisition of physical control."  *Brower v. County of Inyo*, 489 U.S.

4    593, 596 (1989).  Malone offers no evidence of intent to seize.  He offers nothing to dispute

5    Huguenin's story that he *accidentally* flipped on his lights—the opposite of intent.  In fact, the

6    Complaint simply corroborates Huguenin's story.  Because Malone fails to raise any issue of

7    material fact that an unreasonable seizure occurred, Huguenin is entitled to qualified immunity,

8    and the claim is DISMISSED.

9           Defendant Huguenin's Motion for Summary Judgment on Federal Constitutional Claims

10   is GRANTED [Dkt. #14] and Plaintiff's federal claims are DISMISSED.[2]  Because the federal

11   claims are dismissed, Plaintiff's Motion for Summary Judgment on his Fourth Amendment claim

12   [Dkt. #12] is DENIED as moot.

13          2.   Malone Fails to Raise Issues of Material Fact in His State Law Claims

14          Because the court has jurisdiction over Malone's § 1983 claims, it has supplemental

15   jurisdiction over his state law claims.  Still, Malone's state law claims must be dismissed.

16   Malone fails to meet a condition precedent: he failed to file a tort claim with the State prior to

17   filing this complaint, as required by RCW 4.92.100.  Additionally, Malone fails to raise any

18   issues of material fact for his state law claims of false imprisonment and vicarious liability.

19          *a.   False Imprisonment Claim*

20          As with his unreasonable seizure claim, Malone offers no evidence that Huguenin

21   *intentionally* restrained him—a required element of false imprisonment.  *Moore v. Pay 'N Save*

22   _____

23          [2] In addition to the substantive shortcomings, Plaintiff, a member of the Washington State Bar, failed to
24   respond to either of Defendants' Motions.  Pursuant to Local Rule 7(b)(2), "Such failure may be considered by the
     court as an admission that the motion has merit."

1    *Corp.*, 20 Wash. App. 482, 581 P.2d 159 (1978).  The only evidence before the Court is that

2    Huguenin informed Malone he *accidentally* activated his lights and then told Malone he was free

3    to go.  Without evidence of intentional restraint, there is no issue of material fact, and the state

4    law claim against Huguenin is DISMISSED.

5                        *b.  Vicarious Liability Claim*

6            Because Malone's only state law claim against WSP is through vicarious liability, WSP

7    is only liable if Trooper Huguenin is liable.  *Spurrell v. Bloch*, 40 Wash. App. 854, 869, 701 P.2d

8    529 (1985) ("A finding of employee nonliability precludes any finding that the employer is

9    liable, when liability is based solely on the doctrine of respondeat superior.").  Because Malone's

10   false imprisonment claim against Huguenin has been dismissed, Malone's vicarious liability

11   claim against WSP is also DISMISSED.

12                         **III.    CONCLUSION**

13          Defendants' Motions for Summary Judgment [Dkts. #10 and #14] are **GRANTED**, and

14   Plaintiff's claims are **DISMISSED** with prejudice.  Plaintiff's Motion for Summary Judgment

15   [Dkt. #12] is **DENIED** as moot.

16          IT IS SO ORDERED.

17

18          Dated this 6th day of September, 2012.

19

20                                          Ronald B. Leighton
                                            United States District Judge
21

22

23

24